NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NATHANIEL ALLEN HUFFMAN, *Appellant.*

No. 1 CA-CR 14-0696
FILED 1-5-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-418495-001
The Honorable Lisa Ann VandenBerg, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

---

**C A T T A N I**, Judge:

¶1 Nathaniel Allen Huffman appeals his two convictions of aggravated assault and the resulting sentences. Huffman's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Huffman's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In April 2013, Tempe Police Officers Gonyer and Encinas responded to an incident at a fast-food restaurant involving a man with a stick. As they approached the restaurant, they saw Huffman crossing traffic away from the restaurant, carrying a five-foot stick. Both officers identified themselves and yelled at Huffman to drop the stick. Huffman stopped in the middle of the street, held the stick in a "baseball stance," and began swearing at the officers. Officer Gonyer began to unholster his gun, but because he was in the crowded downtown area, instead drew his Taser. Seeing the Taser, Huffman ran away from the officers.

¶3 Officer Encinas pursued Huffman, with Officer Gonyer following a few minutes behind. Officer Kelch joined in the pursuit after seeing Huffman run past his patrol car. Officers Kelch and Encinas repeatedly identified themselves as police officers and yelled at Huffman to drop the stick.

¶4 Officers Kelch and Encinas caught up with Huffman in a residential neighborhood. Both officers had drawn their Tasers, and both continued to yell at Huffman to drop the stick. Nevertheless, Huffman held onto the stick, continued to swear at the officers, and walked backwards until he bumped into a parked truck. Officer Kelch fired his Taser at Huffman, but it was ineffective. Huffman got around the truck, and

continued to back up until he bumped into a tree. Both officers fired their Tasers, Huffman dropped to the ground, and the officers arrested him.

¶5            Huffman was charged with assault against the restaurant manager and aggravated assault against each of the officers involved in his arrest. Huffman requested a Rule 11 competency examination, and after receiving expert reports, the superior court found Huffman competent to stand trial. Huffman requested that the charge of assault against the restaurant manager be severed from the aggravated assault charges, and the court granted his request. Huffman also successfully moved to preclude from evidence the 911 call and surveillance tape from the restaurant, as well as any reference to him being homeless.

¶6            At trial, the officers testified that Huffman's angry looks, swearing, and holding the large stick in a "baseball stance" made them fear he would strike and injure them. Other witnesses testified that Huffman appeared aggressive and angry while interacting with the officers, and that Huffman swung the stick at the officers. The jury found Huffman guilty of the aggravated assaults against Officers Encinas and Kelch, but not guilty of aggravated assault against Officer Gonyer. The jury also found an aggravating factor—that the crimes involved multiple victims.

¶7            At a hearing regarding Huffman's prior convictions, the court found that Huffman had three historical prior felony convictions and classified him as a category three repetitive offender. The court sentenced him to concurrent, mitigated four-year prison terms, with credit for 306 days of presentence incarceration. With authorization from the superior court, Huffman timely filed a delayed appeal.

## DISCUSSION

¶8            We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶9            Huffman was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Huffman all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Huffman's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶10     Huffman's convictions and sentences are affirmed.

¶11     After the filing of this decision, defense counsel's obligations pertaining to Huffman's representation will end after informing Huffman of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Huffman has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama